## Case No. 12,993.

### In re SMITH.

[1 N. Y. Leg. Obs. 249; 5 Law Rep. 372.]

District Court, S. D. New York.    Jan., 1843.

BANKRUPTCY — INJUNCTION — ATTEMPT TO EMBEZZLE ESTATE.

1. Where it appears that there is a covenous contrivance between the bankrupt and other parties to embezzle the estate for the benefit of the bankrupt or his preferred creditors, the court will interpose by injunction, upon adequate security being given to cover all probable losses.

2. A party is to be regarded to certain purposes a bankrupt from the time the application is presented to the court, and the decree, when rendered, will retrospect, so as to act upon his estate and rights as they existed when the bankruptcy occurred.

This was a petition upon the footing of an order to show cause in case of involuntary bankruptcy, and that the bankrupt [John Harper Smith] had secretly and fraudulently transferred his goods, etc., by covenous ingenuity with Smith and Miller, and praying an injunction against all.

P. Clark, for creditors.

H. P. Barker, for bankrupt.

BETTS, District Judge.   The first section of the act manifestly contemplates that on facts there indicated being established in the manner pointed out, a decree of bankruptcy was to be rendered instanter. But the seventh section, by requiring a period of notice and authorizing cause to be shown against a decree of bankruptcy, by necessary intendment, defers the decree until the period of notice has expired, and the opportunity to avoid the decree has been allowed all persons interested.   Nevertheless, to certain purposes, the party is to be regarded a bankrupt from the time the application is presented to the court.   The statute expressly provides he may be so declared, and the decree, when rendered, will necessarily retrospect, so as to act upon his estate and rights as they existed when the bankruptcy occurred.   In case of involuntary proceedings, such bankruptcy arises upon the commission of any act designated by the statute, and the jurisdiction of the court attaches in respect to it on the presentation of the petition.   Under the high equity powers conferred by the statute, it must be competent to the court to give full effect to its jurisdiction for the protection of creditors and the preservation of interests in which all parties are concerned.   It may restrain wanton waste of the estate, and, by parity of reason and necessity, must be empowered to interfere and secure the property of the bankrupt from being dissipated or withdrawn by himself or his voluntary assignees. In this case the petitioner shows a covenous contrivance between the bankrupt and the other parties to embezzle the estate for the benefit of the bankrupt or his preferred cred-

itors, and the law will not compel creditors to await the remedies of suits by the assignee at some future day, and against parties of questionable responsibility, but will at once arrest the property, and place it where it may be commanded if the decree of bankruptcy is perfected.   This extraordinary, but necessary, power will be so exercised as to hold those upon whom it acts indemnified, in case the creditors fail to establish good cause for their proceeding.   Security will accordingly be exacted to an amount adequate to cover all probable losses, and thereupon an injunction will issue.

Decree accordingly.

[For hearing on a motion to dissolve the above injunction, see Case No. 12,994.]